**STRAIGHT THROUGH PROCESSING INC., an Antigua and Barbuda corporation, Plaintiff—Appellee,**

v.

**AMERICERT INC., a Washington corporation, Defendant—Appellant.**

**No. 08–35041.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 14, 2009.

Axios Law Group, Seattle, WA, for Plaintiff–Appellee.

Kristin G. Olson, Esq., O'Shea, Barnard & Martin Skyline Tower, Robert S. Wolfe, Esq. Bellevue, WA, Robert Wolfe Associates, Lynnfield, MA, for Defendant–Appellant.

Before: WARDLAW, PAEZ, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

AmeriCERT Inc. appeals the district court's denial of its motion to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. AmeriCERT sought to amend the judgment to receive possession of various hardware and soft-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ware that was purchased in its name by Straight Through Processing ("STP"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Because specific grounds for a motion to amend or alter are not listed in Rule 59(e), the district court enjoys considerable discretion in granting or denying a motion. *See Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (emphasis, citations, and internal quotation marks omitted). The district court did not abuse its discretion in denying the motion, because 1) AmeriCERT sought to amend the judgment to raise an argument that could reasonably have been raised earlier in the litigation; 2) no newly discovered evidence was presented by AmeriCERT; and 3) manifest injustice would not occur by denying the motion. Further, the proposed amendment would contradict the finding by the jury that STP had not converted AmeriCERT's property.

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.